SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**SCOTT M. KERIN, OSB #965128**
Assistant United States Attorney
Scott.Kerin@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:25-cr-00437-SI |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **MICHAEL CHRISTOPHER HALE,** | |
| **Defendant.** | |

The government asks the Court to impose a sentence of 27 months' imprisonment, to be followed by a four-year term of supervised release.

A.      **Summary of Proceedings.**

On December 10, 2025, the defendant plead guilty to Count 1 of his Indictment which charged him with the felony crime of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B).  The maximum sentence the Court may impose is a term of 40 years' imprisonment, a fine of $5,000,000, and at least four years of supervised release.  There is also a potential mandatory minimum sentence of five years' imprisonment.  The count of conviction carries a $100 fee assessment.

**Government's Sentencing Memorandum**                                                                                           Page 1

A Presentence Report (PSR) has been completed. The government believes that the facts underlying the defendant's count of conviction (PSR ¶¶ 19 - 20) and his Sentencing Guideline calculations (PSR ¶¶ 25 - 34) are correctly outlined in both the PSR and plea agreement. The major difference between the U.S. Probation Office's recommendation and the parties is whether the "Career Offender" provisions of the Sentencing Guidelines should be applied by the Court.

In his plea agreement defendant admitted that:

> [O]n or about September 17, 2025, here within Portland, Oregon, he was caught in possession of approximately 340 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and that the methamphetamine was possessed for purposes of further distribution. Trained drug investigators would also testify that the amount of methamphetamine seized indicated it was possessed for purposes of further distribution.

Plea Agreement ¶ 6.

The defendant was arrested on September 17, 2025, after the U.S. Marshals let Portland Police Officers know that the defendant had an active arrest warrant and that he was currently at a particular location in downtown Portland. The officers were able to find the defendant and they took him into custody without incident. When the defendant was arrested he had a small suitcase and inside the officers found approximately 340 grams of methamphetamine, which based upon the quantity seized, indicated to law enforcement that it was possessed for purposes of further distribution. The defendant was lodged on federal charges and a criminal complaint and subsequent indictment were sought and obtained.

**B.      Sentencing Guideline Calculations.**

The Court, "in determining the particular sentence to be imposed," is required to consider the "sentencing range established" by the U.S. Sentencing Guidelines. 18 U.S.C. § 3553(a)(4). "The Guidelines are 'the starting point and the initial benchmark,'. . . and are to be kept in mind

**Government's Sentencing Memorandum**                                                         Page 2

throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)). "All sentencing proceedings are to begin by determining the applicable Guideline range." *Id*.

The parties agree that defendant's relevant conduct, pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1(a), includes approximately 340 grams of a mixture and substance containing methamphetamine for an initial Base Offense Level of 26. PSR ¶ 25, Plea Agreement ¶ 8.

Because defendant appears to qualify as a "Career Offender," pursuant to U.S.S.G. § 4B1.1(b)(2), his advisory offense level is increased to 34. PSR ¶ 31. Given the age and nature of his prior assault conviction, and the shifting law of what does and does not qualify as a "crime of violence," this was not initially factored into the government's plea offer and our initially estimated guideline calculations.

Based upon defendant's guilty plea and acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, the parties ask that the Court grant the defendant a three-level reduction in his offense level. PSR ¶¶ 32-33, Plea Agreement ¶ 11.

Pursuant to 18 U.S.C. § 3553(a), based upon the nature of the offense, the history and characteristics of the defendant, defendant's indication at an extremely early stage in the proceedings about his desire to resolve his case, how similarly situated defendants have been handled by the USAO and the courts, and to achieve a fair and just resolution of the case, the government will recommend that the Court to grant the defendant a **three-level variance** in his overall offense level to achieve the sentencing recommendation herein.

Should the Court apply the "Career Offender" guidelines, prior to any additional departures or variances, the defendant's initial Adjusted Offense Level is 28. With a Criminal

///

**Government's Sentencing Memorandum**                                                                                           **Page 3**

History Category of VI, defendant's initial advisory sentencing guideline range is 140 to 175 months' imprisonment.

Should the Court not apply the advisory "Career Offender" guidelines, prior to any additional departures or variances, the defendant's initial Adjusted Offense Level would then be 20. With a Criminal History Category of III (PSR ¶ 56), defendant's initial advisory sentencing guideline range is 41 to 51 months' imprisonment.

C.      **Government's Recommended Sentence.**

Pursuant to 18 U.S.C. § 3553(a) and the submissions of the parties, we ask the Court to impose a sentence of 27 months' imprisonment, to be followed by a four-year term of supervised release.

Defendant was a drug dealer in possession of approximately 340 grams of methamphetamine. According to law enforcement:

> Fentanyl and methamphetamine remain the primary drug threats, affecting community livability and contributing to drug-related overdose deaths and criminal activity, including crimes against persons and property in the HIDTA region. In 2023, fentanyl was linked to 75.9% of overdose deaths in Oregon and 51% in Idaho. Methamphetamine was present in 63.5% of Oregon's overdose deaths and 38% of Idaho's. Together, these two substances accounted for 41.3% of overdose fatalities in both states.

Oregon-Idaho High Intensity Drug Trafficking Area (HIDTA) 2026 Threat Assessment, 2025, at 5 (https://oridhidta.org/reports).

Methamphetamine is dangerous, destructive, and deadly. We see the effects of methamphetamine within the community and inside the jails. Defendant's own criminal history is a prime example of just how destructive methamphetamine is to the user and the corresponding corrosive effects it has on society.

///

Here, given all of the submissions to the Court and how defendant sought to resolve his case immediately following his arrest, we concur with defense counsel and ask that the Court find that the amount of methamphetamine seized, coupled with a Criminal History of III, without the application of the "Career Offender" provisions, best encapsulates the proper sentencing range in this case. Defendant was not a known drug dealer and he was not the target of any ongoing investigation. He came into federal court because he was arrested on an unrelated arrest warrant and after his arrest he was found in possession of methamphetamine. At this point, defendant really has about one last chance and this case is probably it. Should he engage in services and drug treatment, hopefully the rest of his life will be much better than the first part of it. Should he reject drug treatment and the resources of federal supervision, he will most likely find himself back in prison and if that happens, he is likely to spend a very long time inside those prison walls.

Accordingly, after evaluating the evidence and the competing sentencing factors outlined in 18 U.S.C. § 3553(a) which include the nature and circumstances of the offense; the defendant's characteristics; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to provide just punishment for the offense; the need to protect the public from further crimes of the defendant;

///

///

///

and, the need to provide the defendant with needed training or other corrective treatment, we believe a sentence of 27 months' imprisonment is reasonable. We ask the Court to impose it, to be followed by a four-year term of supervised release.

There are no charges to be dismissed.

There is an appeal waiver.

Dated: March 4, 2026.

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

/s/ *Scott Kerin*

SCOTT M. KERIN, OSB # 965128
Assistant United States Attorney